SENTER *v.* STATE.

(*Knoxville,* September Term, 1948.)

Opinion filed December 11, 1948.

Stacy Grayson, of Bristol, for plaintiff in error.

Nat Tipton, Assistant Attorney General, for the State.

Mr. Justice Prewitt delivered the opinion of the Court.

Defendant, Sam Senter, was indicted for committing felonious assault, but convicted of assault and battery, his punishment being fixed at confinement in jail for six months and a fine of $250.

The record discloses that defendant is a young man of previous excellent reputation. He had been going with Cora Elizabeth Vance, an eighteen-year-old girl living in Bristol. Evidently defendant did not have the good wishes of the parents of Miss Vance. She had another boy friend by the name of Jack Robinette. Miss Vance testified that defendant told her if he ever caught her out with Robinette he would kill them. Defendant denied making this statement.

On the night of the trouble, Miss Vance and Robinette evidently had a date and they were out driving in Robinette's car. Defendant claimed that he, too, had a date with Miss Vance and she was to meet him at the home of her cousin. Proceeding to that point, he found that she was not there, and he claimed to have received information from her cousin that Robinette had forced Miss Vance to accompany him against her will. This cousin did not testify.

While Miss Vance and Robinette were driving, defendant, who had set out in his car, met them. He seems to have immediately turned his car around and to

have given chase to them. They speeded up their car with the result that a race followed. During the progress of this race defendant, while driving with his right hand, fired four shots with a pistol which he had, two of the bullets striking Robinette's car and one of them striking close to Miss Vance. Defendant insisted that he fired the first two shots into the air and the latter two into the ground and that the holes in this car were the result of ricochets. He further insisted that he fired these shots to get them to stop so he could talk to them. The jury rejected the contention of defendant as shown by their verdict.

■ Defendant was indicted for committing a felonious assault. Section 10801 of Williams' Code provides as follows:

"If any person assault another, with intent to commit, or otherwise attempt to commit, any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitenitary not exceeding five years, or, in the discretion of the jury, by imprisonment in the county workhouse or jail not more than one year, and by fine not exceeding five hundred dollars."

Under this section, the attempt to commit a felony may be made by personal assault on another, or it may be by a simple attempt, without any personal assault. *De Lacy v. State*, 67 Tenn. 401; *Rafferty v. State*, 91 Tenn. 655, 16 S. W. 728.

In the instant case there was no battery, and the judgment will be corrected so that defendant will stand convicted of felonious assault. The punishment is the same in either case.

█ It is contended by defendant that the trial judge was in error in declining to submit to the jury the question of punishment. The alleged demand therefor is to be found on page 4 of the transcript and consists of a statement by one of the counsel for defendant that they wanted the jury to try the whole case. Conceding that such a statement can be treated as a demand that the jury assess the punishment, we think no error was committed. Obviously, the request was sought to be made under Chapter 82, Public Acts of 1947. Section 1 of this Act reads in part as follows:

"That whenever any person be indicted or presented in a Court of Record for the alleged commission of any misdemeanor, and shall plead not guilty and be tried by jury, upon demand of defendant seasonably made, the trial jury shall as a part of their verdict assess the punishment for such offense both as to fine and imprisonment within the limits now or hereafter prescribed by law."

It can be seen, therefore, that this statute applies only where one be indicted or presented for a misdemeanor. In the present case, defendant was indicted for a felony and although it is true that by implication of law a misdemeanor which is embraced in the felony, we are of opinion that it was the legislative intent that the statute should apply only when the indictment charges a misdemeanor and nothing else.

█ Defendant made the further contention that the jury recommended to the trial judge a suspension of the jail sentence. The trial jury has no function in connection with suspended sentences, for by Chapter 76, Public Acts of 1931, that function is vested exclusively in the trial judge. Section 2 of this Act provides that the exer-

cise of discretion as to whether to suspend sentence or the reverse shall not be reviewable by the appellate courts.

All assignments of error are overruled and the judgment of the lower court is affirmed.

All concur.