CLIFF VALLEY, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

(*Knoxville,* September Term, 1957.)

Opinion filed December 6, 1957.

Rehearing Denied February 6, 1958.

THOMAS E. MITCHELL, Johnson City, WILL H. CLARKE, Jonesboro, for plaintiff in error.

THOMAS E. FOX, Assistant Attorney General, for the State.

Mr. Justice Swepston delivered the opinion of the Court.

The defendant was indicted under T.C.A. sec. 39-603 for assault with intent to commit a felony upon one W. H. Shipley, a boy 14 years of age, the intent being to commit a crime against nature by intending to have unnatural relations with this boy. He was indicted also for an assault, and battery upon Larry Dove, another teen-age boy in the community. The jury found him not guilty of the latter but guilty of felonious assault and fixed his punishment at one year and one day in the State Penitentiary, from which he has appealed.

The assignments of error question the sufficiency of the evidence. Young Shipley testified that the defendant operates a store which is only about 100 yards from the school which he attends and that he was working in the store for the defendant. There is a basement in the building where the heating stove is located. He testified that it was in the basement where he was first "propositioned" by defendant. He was asked and answered as follows:

"Q. Did he put his hands on you anywhere? A. He tried to."

This witness further testified that about two weeks later the defendant took him to a drive-in moving picture place with him and there again made him a proposition for acts of sexual perversion. It was after this that he ceased to work for the defendant.

Larry Dove and two other teen-age boys testified that this defendant had actually laid his hands on them, touching them in questionable portions of their body and that the defendant talked a good deal about matters of sex.

The defendant testified in his own behalf denying all of these charges made against his course of conduct and a number of character witnesses testified for him. The jury resolved the question of credibility against the defendant and their finding in that regard is conclusive on this Court.

Complaint is also made that there is no evidence of a felonious assault on W. H. Shipley and that the minute entry shows that the jury found defendant guilty of an attempt to commit a felony on Shipley, whereas the bill of exceptions shows that the jury found the defendant guilty of felonious assault. In fact, a motion was made before the trial court for the court to correct this discrepancy between the minute entry and the actual verdict of the jury, which motion was overruled.

Conceding for the sake of discussion only that there is no evidence of an assault, still we do not see how this could profit the defendant in any way. The statute above referred to covers both an assault with intent to commit

a felony and any attempt otherwise to commit a felony. In *Senter v. State,* 187 Tenn. 517, 519, 216 S.W.2d 21, 22, it is said:

"Under this section, the attempt to commit a felony may be made by personal assault on another, or it may be by a simple attempt, without any personal assault. *De Lacy v. State,* 67 Tenn. 401; *Rafferty v. State,* 91 Tenn. 655, 16 S.W. 728."

Therefore, even if the evidence did not show a technical assault, it showed an attempt to commit a felony and the punishment is the same in either case.

The judgment below is affirmed with costs.

NEIL, CHIEF JUSTICE, dissenting.

I respectfully dissent from the majority opinion in this case for the following reason:

Accepting the statement of facts in the majority opinion, which no doubt is based upon the record, the defendant had committed no overt act which would warrant his conviction of the crime laid in the indictment.

The facts tend to show that he is a sex pervert. He doubtless had the desire to have an unnatural sex relation with this boy, which is a felony under the statute, and an attempt to have such relationship, if shown by some overt act, would also amount to a felony and be punishible as such. However, the evidence to sustain an attempt to have this relationship is wholly lacking. Quoting from young Shipley's testimony:

Q. "Did he put his hands on you anywhere?"

A. "He tried to."

It thus appears that he did not lay his hand upon this boy. I feel that this evidence does not prove an attempt to commit the crime, but is only a manifestation of his desire to commit it. Moreover, the fact that he took this boy to a drive-in moving picture place later on and again "propositioned" him is only a confirmation of the fact that he manifested a desire to have such criminal relations.

For the foregoing reasons I am constrained to disagree with the majority.