Felton N. Clark

*v.*

State of Tennessee.

381 S.W.2d 898.

(*Nashville,* December Term, 1963.)

Opinion filed July 15, 1964.

Petition for Rehearing Denied September 4, 1964.

SAM WALLACE, Nashville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, for the State.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

The defendant, Felton N. Clark, was found guilty of an assault with intent to commit a felony in violation of sec. 39-603, T.C.A. For this offense his penalty was fixed at eleven months and twenty-nine days on the county

road and to pay a fine of $500.00. From this conviction, he has appealed in error to this Court. His case is before us on the technical record only, there being no bill of exceptions, The case was not argued before this Court, and no assignments of error were filed in this Court; but we have considered the record before us, as is our duty in felony cases under the provisions of sec. 40-3409, T.C.A.

The technical record shows that after the indictment was returned charging the defendant with the violation of sec. 39-603, T.C.A., with an attempt to commit a felony, he appeared by counsel and filed a plea of not guilty. The charge of the court is in the technical record, and from it we reach the conclusion that the facts were heard pro and con on the matter before the jury returned its verdict, as above indicated.

 The record shows that defendant was represented by able counsel at his trial. The motion for a new trial primarily raised the question that the evidence was insufficient to support the verdict. Obviously, this is a fact question where, in the absence of a bill of exceptions, the presumption certainly is that the evidence abundantly supports the findings of the jury against the defendant on the issue raised.

We have carefully reviewed this technical record and find no error therein. It results that we must affirm the defendant's conviction.

## On Petition to Rehear

Counsel for plaintiff in error has filed herein a courteous, dignified and forceful petition to rehear in which he raises two questions that were not presented in the first

instance, the case coming to us on the technical record. In our original opinion we determined that there was no error in the technical record.

The two questions now raised are (1) that the verdict of the jury finding the defendant guilty of an attempt to commit a felony did not specify what felony, and (2) a conviction to commit a felony under sec. 39-603, T.C.A., was not proper because the offense was predicated upon sec. 39-605, T.C.A., making an assault and battery with the attempt to have carnal knowledge of a female twelve years and upward, etc., a felony, which but for the statute, would be an attempt itself. We think that counsel for the petitioner may have had in mind sec. 39-606, T.C.A. After a thorough examination of the matter we are convinced that it would make no difference which of these Sections, that is, sec. 39-605, T.C.A., or sec. 39-606, T.C.A., counsel had in mind.

We think that the second question is sufficiently answered by our opinion in *Jones v. State,* 200 Tenn. 429, 292 S.W.2d 713, wherein we held that a defendant could be convicted of an attempt to commit rape under an indictment charging assault and battery with unlawful intent to commit rape. We think the statement just above made clearly warrants our conclusion that an indictment under either sec. 39-605 or sec 39-606, T.C.A., includes an attempt to commit a felony under sec. 39-603, T.C.A. Since we fully discussed this matter in the Jones case, supra, we will not further comment on the question.

The other question now for the first time presented is whether or not the verdict should specify the felony attempted to be committed. We do not think that it is necessary that the verdict so specify the felony. The in-

dictment herein is in two counts. In the first count of the indictment it is charged that the plaintiff in error "did make an assault and battery upon the body of one Vicky Lance, age 13 years, a female, with the unlawful and felonies intent then and there, forcibly and against her will, to ravish and to have unlawful carnal knowledge of her," etc.

In the second count it is charged that the plaintiff in error "unlawfully did make an assault upon one Vicky Lance, and did then and there cruelly beat, wound and bruise, and otherwise illtreat the said Vicky Lance," etc. The two counts of the indictment must be read together and clearly the verdict of the jury in finding this plaintiff in error guilty under the second count and fixing the punishment as provided for under sec. 39-603, T.C.A., shows that they did have before them the charge in the indictment of a felony—the felony being specified in this indictment—when they thus fixed the punishment and specified that he was guilty of a felony only without particularizing what the felony was. Clearly the only purpose of an indictment requiring that a felony be specified or particularized is to give the one charged with committing this felony notice of what the felony is upon which he is being indicted and charged. This indictment clearly gives the defendant such notice.

In this case we do not have a transcript of the record as to the evidence that was before the jury in reaching its conclusion, and thus it is that we must conclude that there was sufficient evidence upon which the jury might base its verdict. A battery under this Section of the Code (sec. 39-603, T.C.A.) is not required to sustain a conviction for an attempt to commit a felony, as

for instance, the attempt to have carnal knowledge of a child under the age of consent. *McEwing v. State,* 134 Tenn. 649, 185 S.W. 688. Under the indictment and the return of the verdict here we must assume that there may have been a battery with an attempt to commit a felony as charged in this indictment.

Under this Section (sec. 39-603, T.C.A.) an attempt to commit a felony may be made by a personal assault, or it may be made by a simple attempt without any personal assault. *Valley v. State,* 203 Tenn. 80, 309 S.W.2d 374, 309 S.W.2d 961.

After a thorough consideration of the matter we must deny the petition to rehear.