**Paul Edward LEE, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

March 23, 1976.

Certiorari Denied by Supreme Court
June 1, 1976.

Roberta Lynn (Lee) Clark, also known as Robbie, is the stepdaughter of the defendant. She was 16 at the time of the trial (May 14, 1975) and was 14 at the time of this incident, April 15, 1973. The indictment was returned October 31, 1974.

Robbie Clark testified that the defendant began molesting her when she was 13 years old and that this occurred two or three times a week over a period of three years. Her mother worked and these incidents took place at the motel the defendant operated. The defendant would take off his clothes and require her to remove her clothes, too; he would get on top of her and go up and down on her, fondling her and reaching an orgasm. There is no claim of penetration. On occasions he would have her stand naked in front of a mirror. The specific incident claimed is April 15, 1973, but she says she did not tell her mother until July because she feared the defendant would harm her.

The defendant was arrested in May 1974. Robbie says he called her at a foster home and promised to give her a sports car if she changed her story. From the jail he sent her a lengthy poem asking forgiveness for his acts.

July 15, 1973 Robbie's maternal grandfather found the defendant, clad in undershorts, in bed with Robbie, clothed only in brief night wear. When the grandfather objected, the defendant became angry and told him that as long as he fed the children and sent them to school he had the right to get in bed with any of them.

Evelyn Lee (Robbie's mother and wife of the defendant) testified that she had seen no improper conduct between the parties but that Robbie had told her of the defendant's sexual misconduct.

The defendant introduced witnesses, including the former district attorney general, who testified that Robbie had told them that her accusations about the defendant were false.

Testifying in his own behalf, the defendant denied any misconduct with Robbie.

Hughie Ragan, Jackson, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., Robert H. Roberts, Advocate Gen., Nashville, James G. Woodall, Asst. Dist. Atty. Gen., Jackson, for defendant-in-error.

## OPINION

WALKER, Presiding Judge.

On his trial for assault and battery with intent to have carnal knowledge of Roberta Lynn Clark, the jury found the defendant below, Paul Edward Lee, guilty of an attempt to commit a felony and fixed his punishment at a minimum of one year and a maximum of five years in the penitentiary. He appeals in error.

He said that Robbie and the other children helped in the motel but that he had not abused her in any way. In explanation of the poem he wrote from jail, he said that he was depressed and embarrassed by being in jail for the first time and felt that he had disgraced the family for that reason but he was not apologizing for anything else. He said he had promised Robbie a sports car when she was 16 and in his telephone conversation he only told her to tell the truth when he reminded her of his promise.

 In challenging the sufficiency of the evidence, the defendant says the girl was not corroborated. The defendant's poems corroborate her testimony. This evidence meets the rules on corroboration in *Scola v. State*, Tenn.Cr.App., 474 S.W.2d 144.

The defendant says the verdict of the jury was uncertain both as to the crime and the punishment.

He argues that the verdict of an attempt to commit a felony was improper because it failed to specify what felony was involved. The indictment charged the defendant with violating TCA 39–605, assault and battery with intent to commit rape. It was not necessary for the jury to specify the felony attempted to be committed. *Clark v. State*, 214 Tenn. 555, 381 S.W.2d 898.

The jury accepted the state's theory of the case and the evidence does not preponderate against its verdict.

The defendant says the verdict of one to five years' imprisonment was improper because at that time the jury had no authority to fix a minimum sentence. Since the jury fixed the minimum of one year, there was no prejudice to him.

The defendant urges that TCA 39–605 is unconstitutional for sex discrimination because it protects only females. The laws of this state do protect males from sexual assault and abuse. We hold that this statute is constitutional and does not violate the constitutional rights of the defendant.

In challenging the admissibility of the poems, the defendant contends that these were privileged communications between husband and wife. Although he gave the poems to his wife at the jail, one was addressed, "To the Family I Once Had," and the other was, "To Robbie (only)." These were not privileged communications between husband and wife and were admissible. *Burton v. State*, Tenn.Cr. App., 501 S.W.2d 814.

By plea in abatement the defendant attacks the appointment and selection of the jury commissioners in Madison County and the operation of the jury law in the selection of the jury. He contends the jury was unconstitutionally and otherwise improperly chosen. We have examined all of these contentions and find them to be without merit.

The defendant complains of the trial judge's denial of his special requests on corroboration and sufficiency of the evidence. The court adequately instructed the jury on these matters and did not err in denying the requests.

All assignments are overruled and the judgment is affirmed.

RUSSELL and DUNCAN, JJ., concur.