STATE of Tennessee, Petitioner,

v.

Luther STAGGS, Respondent.

Supreme Court of Tennessee.

Aug. 22, 1977.

Brooks McLemore, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, Robert H. Gay, Dist. Atty. Gen., Lawrenceburg, for petitioner.

William Travis Gobble, Gobble & Bryant, Lawrenceburg, for respondent.

## OPINION

HENRY, Justice.

We granted certiorari in this criminal action in order to consider our general attempt statute, Sec. 39–603, T.C.A., in the context of an indictment and conviction for assault with intent to commit robbery with a deadly weapon as proscribed by Sec. 39–607, T.C.A. Our primary concern stems from the holding of the Court of Criminal Appeals that the trial judge erred in failing to charge upon an attempt to commit a felony, under Sec. 39–603, T.C.A. We are presented with an issue of first impression in this jurisdiction.

Pursuant to its finding of guilt the jury fixed respondent's sentence at not less than five nor more than ten years. The Court of Criminal Appeals reversed and remanded solely on the basis of its view that the trial judge erred in charging the jury.[1] Our primary concern is with the conclusion reached by the Court of Criminal Appeals that the trial judge erred in failing to charge on attempt to commit a felony under Sec. 39–603, T.C.A. It was this holding that prompted our grant of certiorari.

I.

### The Factual Situation

We take the facts as reflected in the opinion of the Court of Criminal Appeals:

The proof established that on December 23, 1974, the defendant and his younger brother, Dale, formed a plan to rob one of the Mennonite families living in their neighborhood, believing that because Mennonites are known to be pacifists they would not resist efforts to take their personal property. The two boys left the defendant's car on a rural road and crossed a field to get to the home of Annie Miller, who was raking leaves in her front yard. Her husband was away at the time, and her grown daughters were inside the house.

Dale pulled his jacket hood tightly around his face and approached Mrs. Miller. He told her he needed to borrow a chain and succeeded in getting her to

1. Specifically, it is asserted that the trial judge erred in not instructing the jury as to the meaning of the phrase "intent to commit robbery (including the definition of robbery)"; in failing to define the elements of an assault; in failing to explain the nature or elements of the offense charged; in failing to instruct the jury that intent to do injury is an essential ingredient of the crime of assault; in failing to instruct adequately upon aggravated assault; and in failing to charge on attempt to commit a felony, under Sec. 39–603, T.C.A.

come around to the backyard, where he announced to her that he wanted all her money. The defendant then walked out from behind a woodpile, his knit cap pulled down over his face with holes cut out at eye level so that he could see. Luther Staggs carried with him a sawed-off shotgun which allegedly belonged to his father and which was allegedly unloaded. According to his testimony he held the gun in his left arm, pointed at the ground. The victim corroborated his story to the extent of testifying that he did not point the gun at her. Nevertheless, she said she was frightened at the sight of the gun and immediately agreed to give them her money. She turned and went into the house, and at this point the testimony is in conflict; the defendant said in his confession and at trial that Mrs. Miller slammed the door in their faces and began screaming, and that this scared the two boys so badly that they ran away; Mrs. Miller testified that she "thought" the boys actually followed her into the house, but did not explain what happened to make them abandon their robbery attempt and run off.

The police obtained a description of the car used in the incident from two people who saw it in the vicinity of the Miller home and they eventually traced it to the defendant, who was arrested about a month after the event. He gave a full confession and testified at trial to the effect that he intended to rob Mrs. Miller, but he denied any intention to harm her in any way.

There is no factual dispute on the record that the defendant never pointed or otherwise brandished the gun, nor did he say anything to Mrs. Miller. There was no explicit threat made to her, although the jury apparently found an implicit threat in the demand for money made by Dale Staggs, followed by the defendant's appearance in possession of a dangerous weapon. Given her conduct and subsequent testimony, there is little doubt that Mrs. Miller felt intimidated by the presence of the gun, and there can be no doubt that the two boys attempted to rob Mrs. Miller, i. e., they attempted "the felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear." T.C.A. § 39-3901.

## II.

### Analysis of Statutes

The Tennessee statute on attempt reads as follows:

39-603. *Assault with intent to commit felony—Attempt to commit felony—Penalty.*—If any person assault another, with intent to commit, or otherwise attempt to commit, any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five (5) years, or, in the discretion of the jury, by imprisonment in the county workhouse or jail not more than one (1) year, and by fine not exceeding five hundred dollars ($500).

This section originated in the Official Code of 1858 as Sec. 4630. Sec. 4627 of the Code of 1858 which had its origin in Chapter 23 of the Public Acts of 1829, forms the basis of Sec. 39-607, T.C.A., proscribing assaults with intent to commit robbery, and reads as follows:

39-607. *Assault with intent to commit robbery—Penalty.*—Whoever shall assault another, with intent feloniously and willfully to commit a robbery, shall, on conviction, be imprisoned in the penitentiary not less than three (3) years nor more than fifteen (15) years. If the assault is committed by means of a deadly weapon, whether injury results to the person assaulted or not, the penalty on conviction shall be imprisonment in the penitentiary for not less then (sic) five (5) years nor more than twenty-one (21) years.

These two sections (39-603 and 39-607) appeared in the Official Code of 1858, under an article captioned "Assault and Battery, and Attempt to Commit Crime." This arti-

cle proscribed assault and battery with intent to commit murder (Sec. 4626—now 39–604); with intent to commit robbery (Sec. 4627—now 39–607); with a deadly weapon (Sec. 4628 —now 39–601); and assault and battery upon a wife (Sec. 4629—now 39–602); and those assaults committed with intent to commit a felony. (4630—now 39–603). It is evident that for well over a century particularized punishments have been proscribed for various types of aggravated assaults with enhanced punishment, and that also we have had a general statute governing assaults and/or attempts to commit felonies.

No reported Tennessee case has attempted an analysis of Sec. 39–603, T.C.A., and its relationship to other statutes proscribing aggravated assaults. Nor has any case examined the interplay between Sec. 39–603, T.C.A., and Sec. 40–2520, T.C.A., relating to lesser included offenses. We proceed to such an examination and analysis.

First, we point out that it is the position of the State that "[b]y enacting 39–603, the legislature clearly intended to punish all assaults and other attempts at crimes unspecified in §§ 39–604—39–607 (citations omitted) and all attempts at crimes specified in §§ 39–604—39–607, which attempts did not involve assaults."

At first blush, the State's insistence would appear correct. From the wording of the statute it might well be argued that (1) Sec. 39–603, T.C.A., creates two separate but equal and interrelated crimes; (2) that it is only applicable "where the punishment is not otherwise prescribed"; (3) that felonious assaults are not lesser included offenses within any charge involving statutorily prohibited assaults; and (4) that felonious attempts "otherwise" than by assault are lesser included offenses within the statutes proscribing assault.

If we were construing Sections 39–601 through 39–614,[2] in a vacuum, isolated from all other provisions of our penal code, and

independent of our decisional law, we might adopt this construction. However, when due regard is given to our penal code in its entirety, and our body of decisional law, a contrary conclusion is commanded.

Sec. 39–603 creates but one basic offense, i. e. an attempt to commit a felony. This attempt may be made with or without a personal assault. As phrased in *Senter v. State*, 187 Tenn. 517, 216 S.W.2d 21 (1948):

> Under this section, the attempt to commit a felony may be made by personal assault on another, or it may be by a simple attempt, without any personal assault. 187 Tenn. at 519, 216 S.W.2d 22.

■ This view is in obvious recognition of the fact that all assaults are attempts, where as all attempts are not necessarily assaults. A failure to grasp the somewhat elusive distinction between an assault and an attempt accounts for much of the confusion. Indeed, the distinction is largely semantic. To paraphrase the poet, assaults are sure to attempts allied, and thin partitions do their bounds divide.[3]

■ The early case of *Richels v. State*, 33 Tenn. 606, 608 (1854), instructs us that "an assault is an attempt or offer to do a personal violence to another." An attempt is "an act done with the intent of committing a crime, but which fails of completion." *Gervin v. State*, 212 Tenn. 653, 656, 371 S.W.2d 449, 450 (1963). An attempt requires three elements: "(1) an intent to commit a specific crime; (2) an overt act; and (3) failure to consummate the crime. *Id.* at 657, 371 S.W.2d at 451.

Irrespective of any apparent difference, under Sec. 39–603 the punishment is identical.

There is another and most compelling reason for treating Sec. 39–603 as our general attempt statute. We have no other such statute. If we were to adopt the State's position that Sec. 39–603 does not apply to the aggravated assaults proscribed

---

2. These sections appear as Chapter 6 of our Official Code, entitled "Assaults, Attempts and Injuries to Persons."

3. J. Dryden, Absalom and Achitophel: Great Wits are sure to Madness near Ally'd; and thin Partitions do their Bounds divide.

by specific statutes but does apply to attempts not involving assaults, the result would be that Sec. 39–603 would, as a practical proposition, have no application to those offenses proscribed in Sections 39–604—39–607, and we would have no general attempt statute for any of the crimes specified in Sections 39–604—39–607, except to the extent of offenses not involving assaults. For example, we would have no such crime as an attempt to commit murder or rape, yet these are recognized offenses.

Sec. 39–603, T.C.A., has historically been treated as our general attempt statute. *McEwing v. State*, 134 Tenn. 649, 652, 185 S.W. 688, 689 (1915), refers to it as "our statute on the subject of attempts." In *Gervin v. State, supra* at 655, the Court states that Sec. 39–603 "is our general attempt statute which provides for attempts to commit felonies, either by assault or otherwise."

■ We hold that Sec. 39–603 is our general attempt statute. Indeed, it is our only statute providing a punishment for criminal attempts. It may not be isolated from the remainder of the Code. In *Bowmer v. State*, 157 Tenn. 124, 128, 6 S.W.2d 326, 327 (1928), this Court held that Sec. 39–603 fixed the punishment for the "felony of attempt to commit rape, or any other felony . . . ."

Unfortunately, some of our cases tend to obscure the distinction between Sec. 39–603, creating the offense of felonious attempt, and Sec. 40–2520, relating to lesser included offenses. That section reads as follows:

*Conviction of lesser offense.*—Upon an indictment for any offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment and guilty of any degree inferior thereto, or of an attempt to commit the offense; and the defendant may also be found guilty of any offense the commission of which is necessarily included in that with which he is charged, whether it be a felony or misdemeanor.

In *Lancaster v. State*, 144 Tenn. 21, 229 S.W. 150 (1920), the court held:

The foregoing statute is very broad and comprehensive in its terms, and authorizes the conviction of the accused of any offense which is embraced in that charged in the indictment. 144 Tenn. at 25, 229 S.W. at 151.

■ It is important to recognize that Sec. 40–2520 creates no substantive offense. Apropos of this discussion, it merely recognizes that an attempt to commit any crime is a lesser included offense. It prescribes no punishment. Again, the only punishment for criminal attempts is as prescribed in Sec. 39–603.

■ The State argues that applying Sec. 39–603 in a case founded on 39–607, proscribing an assault with intent to commit robbery, would result in an absurdity, *viz.* "An assault with intent to commit, or otherwise attempt to commit an assault with intent to commit a robbery." This argument is a *non-sequitur* and was no doubt prompted by the Court of Criminal Appeals' opinion wherein that Court held that the attempted felony in this case was an "assault with intent to commit robbery." We disagree. Sec. 39–603 does not proscribe an attempt to commit an assault with intent to commit a felony; it proscribes an attempt (by assault or otherwise) to commit a substantive offense, in this case robbery.

The interplay between Sec. 39–603 and Sec. 40–2520 tends to be confusing and some of our cases do not appear to be precise. Yet, when consideration is given to the fact that Sec. 40–2520 authorizes the conviction for an attempt, as a lesser included offense, and Sec. 39–603 prescribes the punishment, the imprecision and confusion become more apparent than real.

■ We hold that an attempt, by assault or otherwise, under Sec. 39–603, is a lesser included offense within any felony or crime punishable by imprisonment in the state penitentiary, unless the punishment is otherwise prescribed. Sections 39–601—39–610 "otherwise" prescribe any punishment for an attempt. Compare *Jones v. State*, 200 Tenn. 429, 292 S.W.2d 713 (1956).

## III.

### Decisional Law

We recognized at the outset that we face a question of first impression in this jurisdiction; however, numerous cases have been decided which are analogous to the situation at hand.

This Court had an opportunity to make an authoritative pronouncement on this question in *Rushing v. State*, 196 Tenn. 515, 268 S.W.2d 563 (1954), a rape case, but declined to do so. There was an assignment that the trial court erred in failing to charge the jury that it could find the defendant guilty of an attempt to commit a felony under Sec. 39–603, T.C.A. The Court brushed this aside on the basis of a failure to submit a special request.

The *Rushing* Court, however, made other holdings that are pertinent and persuasive. There the defendant was convicted of assault and battery with intent to commit rape.

The Court recognized prior holdings that an indictment for rape includes the lesser offenses of assault with intent to commit rape, assault and battery, and simple assault. Thereafter, it held unequivocally that "an assault and battery with intent to commit rape is necessarily included in the crime of rape." 196 Tenn. at 523, 268 S.W.2d at 567. By applying this rationale to the case at bar an assault with intent to commit robbery would include the lesser crime of attempted robbery. This follows from the fact that rape involves assault and battery and yet the *Rushing* Court holds that it includes assault and battery with intent to commit rape.

A most significant rape case is *Jones v. State*, 200 Tenn. 429, 292 S.W.2d 713 (1956). There the defendant was indicted for rape and convicted of an attempt to commit a felony under Sec. 39–603, T.C.A. The only question presented was whether one may be convicted of an attempt when he has completed the act, the contention of the defendant being that he was either guilty of rape or nothing. The Court responded in the affirmative. The defendant argued that he could not be convicted of an attempt to commit a felony under Sec. 39–603 because the punishment is "otherwise prescribed by Sec. 39–605"; but the Court rejected that argument, holding that Sec. 39–605 "applies only to an assault and battery with an unlawful intent" and prescribes no punishment for a mere attempt. Basically *Jones* stands only for the proposition that a completed act of rape may be punished as an attempt; however, the lesser included offense holding is clear; and since the issue was pertinent to the holding, the Court's comments may not be considered dicta.

*Strader v. State*, 210 Tenn. 669, 362 S.W.2d 224 (1962), opinion by Mr. Justice Felts, is a most significant case. There the defendant was convicted of assault and battery on a female under twelve years of age in violation of Sec. 39–606, T.C.A. On appeal the defendant assigned as error the failure of the trial judge to charge the jury as to the lesser included offenses under the felony as charged in the indictment. This Court reversed, holding that the trial judge committed prejudicial error in failing to instruct the jury that a charge of rape included an assault with intent to commit a felony under Sec. 39–603, and other lesser included offenses. Specifically the Court said:

> [A] charge of rape also embraces the lesser included offenses of assault and battery with intent to commit rape (T.C.A. § 39–605), an assault with intent to commit a felony (T.C.A. § 39–603), and an assault and battery, which is a misdemeanor. 210 Tenn. at 676, 362 S.W.2d at 227.

In *Clark v. State*, 214 Tenn. 555, 381 S.W.2d 898 (1964), this Court held that an indictment under either 39–605 or 39–606 includes an attempt to commit a felony under Sec. 39–603, T.C.A.

Also pertinent to this discussion is *McDonald v. State*, 512 S.W.2d 636 (Tenn.Cr. App.1974), wherein the Court of Criminal Appeals held an assault with intent to commit a felony under Sec. 39–603 is a lesser included offense within a charge of an assault with intent to have carnal knowledge under Sec. 39–606, T.C.A.

In *Hudson v. State*, 534 S.W.2d 322, 323 (Tenn.Cr.App.1975) the Court held that the offense of rape (Sec. 39–3701) "embraces the lesser included offenses of assault and battery with intent to commit rape (T.C.A. § 39–605), assault with intent to commit a felony (T.C.A. § 39–603), and assault and battery, a misdemeanor."

## IV.

### HOLDING—Lesser Included Offenses

■ Under the rationale of these cases and in view of the structure of our Criminal Code, we hold that the crime of assault with intent to commit robbery by means of a deadly weapon, as proscribed by Sec. 39–607, T.C.A., embraces and includes:

a. Assault with intent to commit simple robbery (without a deadly weapon) punishable by imprisonment in the penitentiary for not less than three nor more than fifteen years. (Sec. 39–607).

b. Attempt to commit a felony, by assault or otherwise, under Sec. 39–603.

c. Assault and battery, a misdemeanor.

d. Simple assault, a misdemeanor.

■ In charging juries, trial judges should make it clear that Sec. 39–603 proscribes attempts to commit a felony and that the crime may be committed with or without an assault. The better form of the verdict is "we, the jury, find the defendant guilty of an attempt to commit a felony," etc., although a verdict predicated upon an assault with intent to commit a felony is not *per se* erroneous.

## V.

### Application

Sec. 40–2518, T.C.A., makes it the duty of trial judges "in cases of criminal prosecutions for any felony wherein two (2) or more grades or classes of offense may be included in the indictment, to charge the jury as to all of the law of each offense included in the indictment" without special request.

As Mr. Justice Felts said in *Strader v. State*, 210 Tenn. 669, 682, 362 S.W.2d 224, 230 (1962):

> He had the right to have all the law as to these different grades of offenses explained to the jury, in order· that they might apply the law in determining whether he was guilty of any one or none of such offenses. He had this right because the statute (T.C.A. § 40–2518) gave it to him, and because it was a part of his constitutional right of trial by jury to have every issue made by the evidence tried and determined by the jury under a correct and complete charge of the law given by the Judge.

■ While we have some reluctance in reversing the able and experienced trial judge who presided over this case, we cannot escape a holding that his failure to charge on the lesser included offense of attempt to commit robbery, under Sec. 39–603 was reversible error. This is not a proper case for the application of the rule recognized by Mr. Justice Harbison, writing for the Court in *Johnson v. State*, 531 S.W.2d 558, 559 (Tenn.1975), "that there is no requirement to include such instructions when no evidence at all is offered as to lesser included offenses."

■ The proof in this case establishes the main offense and all lesser included offenses, except for assault and battery. The defendant had a constitutional right to have a "correct and complete charge of the law given by the judge." This right was denied him.

The trial judge charged on assault with intent to commit robbery with a deadly weapon; on assault with intent to commit robbery without the use of a deadly weapon; on assault and battery; and simple assault.

While we would not necessarily affirm the Court of Criminal Appeals and reverse the trial judge for the other suggested deficiencies in the charge as pointed out by the Court of Criminal Appeals, these irregularities, coupled with the failure of the Court to charge fully on the offense denounced by Sec. 39–603, T.C.A., operated to thwart de-

fendant's constitutional right to have all issues raised by the pleadings submitted to the jury. We are confident that the trial judge on remand will fully charge the jury in accordance with the opinion of the Court of Criminal Appeals and the mandate of Sec. 40–2518, T.C.A.

Affirmed and remanded.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concur.