**Mahlon BURNS, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

July 19, 1979.

Permission to Appeal Denied by Supreme
Court Nov. 13, 1979.

James S. Patrick, Jr., Hendersonville, for appellant.

William M. Leech, Jr., State's Atty. Gen., William O. Kelly. Asst. State's Atty. Gen., Nashville, Elmer D. Davies, Jr., Dist. Atty. Gen., Joseph D. Baugh, Jr., Asst. Dist. Atty. Gen., Franklin, for appellee.

BYERS, Judge.

## OPINION

The appellant was convicted of armed robbery and was found by the jury to be an habitual criminal. The mandatory life sentence was imposed.

The appellant says a juror who admitted having prior knowledge of this case should have been dismissed for cause, challenges the admission of certain statements claimed to be hearsay testimony, says the trial judge erred in overruling his motion for continuance, challenges portions of the trial judge's charge to the jury, says the court erroneously limited proof of Appellant's addiction to drugs, says the admission into evidence of his prior crimes was error, says the trial judge erred in failing to answer the jury's questions as to intent, and says the Assistant District Attorney's actions during the trial were improper. He also says the evidence is insufficient to support the verdict.

The judgment is affirmed.

The appellant and one other, William Sweeney (whose case is not now before us), were arrested for the robbery of a drug store in Williamson County, Tennessee. The two entered the store with guns drawn and ordered the pharmacist to put all of his narcotics and amphetamines into a pillow case supplied by the appellant. The police arrived while the robbery was in progress. The appellant was shot in the arm by a police officer as he left the store. The appellant did not deny robbing the pharmacy but says he was so heavily under the influence of drugs at the time he did not know what he was doing.

The appellant claims he was forced to accept a juror who had discussed the case earlier with one of the victims. Mr. James Maxwell was the owner of the vehicle stolen and used in the perpetration of the armed robbery. On voir dire, the juror testified she knew Mr. Maxwell because he had a sister who was a member of the same church as she. She talked to Mr. Maxwell the morning of the trial, and he told her his car had been stolen, but the appellant was not the thief. The trial judge found the juror to be competent and qualified to sit as a juror.

The qualification of a juror is within the trial judge's discretion and his finding a juror to be qualified will not be disturbed on review except on a clear showing of an abuse of discretion. Further, there is no showing in the record the appellant exercised all of his peremptory challenges, therefore, he cannot complain of failure to excuse a juror for cause. *McCook v. State*, 555 S.W.2d 411 (Tenn.Cr.App. 1977); *Hale v. State*, 198 Tenn. 461, 281 S.W.2d 51 (1955). We would also note the appellant was acquitted on the auto theft count of the indictment by a directed verdict, thus there is no showing of prejudice to him from having to accept the juror. Beyond this, the appellant does not dispute his participation in the robbery.

The appellant says certain statements of the nontestifying co-defendant were erroneously allowed into evidence. Appellant says his right to confrontation was violated because his co-defendant was not subject to cross-examination. Appellant has failed to brief this assignment of error and therefore it is waived. *Wiley v. State*, 552 S.W.2d 410 (Tenn.Cr.App.1977). Furthermore, our examination of the record reveals no instance where any statement of the co-defendant was introduced into evidence except a statement made in the presence of the appellant during the commission of the crime, which was, "there's the cops." This is clearly admissible as part of the *res gestae*.

The motion for continuance by the appellant is addressed to the sole discretion of the trial judge and his ruling on the motion will not be reversed absent a clear showing of an abuse of discretion to the prejudice of the defendant. *Baxter v.*

*State,* 503 S.W.2d 226 (Tenn.Cr.App.1973). Here there is no showing in the record of any prejudice resulting to the appellant as a result of the trial judge's denial of the motion for continuance. We would also note the motion for continuance is not supported by an affidavit as required by T.C.A. § 19–413.

■ The appellant in his attack upon the charge of aggravated assault given as a lesser included offense of armed robbery relies upon *State v. Staggs,* 554 S.W.2d 620 (1977). Appellant's reliance on *Staggs* is misplaced. *Staggs* dealt with lesser offenses of assault with intent to commit robbery under T.C.A. § 39–607. Here, the appellant is charged with armed robbery under T.C.A. § 39–3901. There was no error in the trial judge's charging aggravated assault as a lesser included offense of armed robbery.

■ The appellant assigns several errors dealing with the trial judge's charge on the habitual criminal statute. There was no objection made to the trial judge's charge as given nor does the record indicate any special requests on charges were made. Therefore, any error based on this assignment is waived. Moreover, we have examined the trial judge's charge on the habitual criminal statute and find it to be a full and correct charge of the law.

The appellant says the jury should have been instructed on the issue of involuntary intoxication. The appellant claims he is a drug addict and because of his addiction he is compelled to take drugs. He contends this compulsion caused him to commit this crime while in a state of involuntary intoxication.

"To constitute involuntary intoxication within the rule making such intoxication an excuse for what would otherwise be crime, the influence inducing accused to drink must be such as to preclude his exercise of independent judgment and volition, as by fraud or duress; and in the absence thereof, an accused may not successfully plead involuntary intoxication because he drank at the request or suggestion of another, as where the liquor was furnished accused by, or at the request of, the person against whom the crime was committed, or because he drank to relieve physical pain, or from an uncontrollable desire caused by long indulgence of the appetite." See 22 C.J.S. *Criminal Law* § 69.

■ This rule is equally applicable when the subject is intoxication by narcotic drugs. Ingestion of drugs caused by compulsion resulting from a long history of drug abuse does not constitute involuntary intoxication under the rule we have stated.

■ There is no evidence in the record that Appellant did not know what substances he was ingesting nor that he ingested those substances under fraud or duress. The appellant did not introduce evidence to show he was involuntarily intoxicated, therefore, the trial judge did not err in refusing to charge on this issue.

The appellant says the evidence is insufficient to support the verdict because his intoxication at the time of the robbery was so severe he was unable to form the intent necessary to support his conviction. The victim of the robbery administered first aid to the appellant after he had been shot by the police. The victim said the appellant did not appear to be in pain. The appellant testified he had been using demarol and morphine heavily for months prior to this crime and had "shot up" some twelve hours before the robbery. However, none of the appellant's witnesses had ever seen the appellant take any drug, although each of them had seen the appellant when he was under the influence of either drugs or alcohol.

The jury did not accept the appellant's evidence on this. Further, intoxication at the time of the crime is no defense to the charge in this case.

■ Intoxication is a defense on a charge of murder in the first (1st) degree. *State v. Bullington,* 532 S.W.2d 556 (Tenn. 1976). Beyond that offense, voluntary intoxication is not regarded as a defense to a crime, *Bradford v. State,* 208 Tenn. 500, 347

S.W.2d 33 (1961); *Walden v. State*, 178 Tenn. 71, 156 S.W.2d 385 (1941), unless the intoxication causes an accused to be unable to distinguish right from wrong, *Thomas v. State*, 201 Tenn. 645, 301 S.W.2d 358 (1957); *Atkins v. State*, 119 Tenn. 458, 105 S.W. 353 (1907); *Cornwell v. State*, 8 Tenn. 147 (1827), by reason of settled insanity.

■ The question to be determined on the issue of settled insanity is whether ". . . as a result of mental disease or defect [the accused] lacks substantial capacity either to appreciate the criminality [wrongfulness] of his conduct or to conform his conduct to the requirements of law." *Graham v. State*, 547 S.W.2d 531 (Tenn. 1977), which in essence would mean the accused was unable to form the intent to commit the crime.

The appellant in this case did not introduce any evidence to show he was not guilty by reason of a substantial impairment of his mental faculties. No medical evidence was offered on the issue.

■ Intent may be inferred from the surrounding facts and circumstances. *Prince v. State*, 542 S.W.2d 842 (Tenn.Cr. App.1976); *Hall v. State*, 490 S.W.2d 495 (Tenn.1973). The evidence was sufficient for the jury to find that the appellant may have been intoxicated but not to such an extent that he was unable to form the specific intent required for the crime of armed robbery. The jury rejected the appellant's claim that he was unable to form the specific intent to commit this crime because of intoxication. This finding is supported by the evidence.

Contrary to the appellant's claim, the record shows the appellant was allowed to testify as to his prolonged use of drugs over a period of several months prior to the robbery. Further, Appellant's witnesses were allowed to testify they had seen the appellant when he was under the influence of drugs three to four months before the robbery. Appellant was not limited in his proof on this issue by the trial court.

■ The trial court held a jury-out hearing to determine whether prior convictions of Appellant should be allowed into evidence. Two burglary convictions were admitted; an escape charge was not. The record reflects the completion of the sentences were within ten (10) years of the present offense. Neither of the burglaries were remote in time as calculated by the guidelines set forth in *State v. Morgan*, 541 S.W.2d 385 (Tenn.1976), which adopts the later of the date of commission of the crime or the date of completion of the sentence for the commission of the crime.

■ During deliberations, the jury returned to open court with a question concerning the meaning of reasonable doubt. The trial judge did not give any further instructions. He told the jury to reread that portion of his charge dealing with reasonable doubt. We have examined the charge given by the trial court and find it to be a complete and correct statement of the law. Further instruction was unnecessary.

■ During opening argument, the Assistant District Attorney characterized this armed robbery as "a cruel and heartless act that endangered the lives of these people." On objection by defense counsel, the Assistant District Attorney was cautioned not to get into argument during the opening statement. This statement by the Assistant District Attorney does not rise to the level of prejudicial error. During closing argument the Assistant District Attorney told the jury the appellant's prior convictions should be considered as reflecting on the appellant's credibility. There was no objection made to this statement. Further, it is a correct statement. There was no error in the comments by the Assistant District Attorney.

■ Also in closing argument, the Assistant District Attorney remarked that the appellant acted "like a professional during the course of the robbery." The appellant had attempted to defend himself by saying he was heavily intoxicated at the time of the robbery. The statement by the Assistant District Attorney was in rebuttal to that argument and was not error. The

appellant also claims the Assistant District Attorney improperly questioned him during the habitual criminal trial concerning his army discharge and a prior robbery at the same drug store. These questions were proper under *State v. Morgan, supra.*

The appellant says it was error for the Assistant District Attorney, in final argument on the habitual criminal charge, to say "What time do you think he is going to serve on this armed robbery? How much time do you think he is going to serve?" It is improper for the State to comment on parole possibilities in final argument. However, the fact that defense counsel first brought this matter to the attention of the jury in his final summation, and the overwhelming evidence against Appellant on the habitual criminal charge, leads us to the conclusion any error in the final argument was harmless.

In summation, the appellant committed an armed robbery which even he does not question. He had, without question, become an habitual offender under the statute so providing. He received a fair trial on the issues. The alleged errors do not rise to the level claimed on appeal, the evidence against him leaves no question of his guilt and the record shows he received a fair trial.

DWYER and DUNCAN, JJ., concur.