STATE of Tennessee, Appellee,

v.

Charles H. LYON, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

Nov. 10, 1982.

Permission to Appeal Denied by Supreme Court Jan. 31, 1983.

**958**

William M. Leech, Jr., Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Nashville, Ted Neumann, Clayburn Peeples, Asst. Dist. Attys. Gen., Trenton, for appellee.

Holt Shoaf, Milan (at trial), Roger Moore, Jackson (at trial), Holt Shoaf, Milan (on appeal), for appellant.

## OPINION

WALKER, Presiding Judge.

In a three count indictment, the Henry County grand jury charged the appellant, Charles H. Lyon, with incest, rape and statutory rape. The offenses were alleged to have occurred between November 1977 and May 1981.

Following his plea of not guilty Lyon was tried on the charges of incest and statutory rape, the rape count having been dismissed by the court on the state's motion. The jury convicted Lyon of incest and fixed his punishment at not less than eight nor more than 12 years in the penitentiary. On his appeal Lyon insists that the evidence is insufficient and that the court erred in admitting the testimony of his wife in violation of the marital privilege. We find no reversible error and affirm the conviction.

In his challenge to the sufficiency of the evidence, the appellant urges specifically that his stepdaughter, the alleged victim, was an accomplice as a matter of law and that her evidence was not corroborated.

Misti Marie Moss, age 18, the appellant's stepdaughter, testified that she and the appellant had been having sexual intercourse since she was 14 and one-half years old, a period of three and one-half years. She said that these relations occurred in her bedroom between 2:00 and 3:30 a.m. and in Lyon's camper nearby. They had relations three or four times a week. He used prophylactics which he stored in a bowl in the camper and in a dark room where he developed photographs.

Miss Moss testified that the relations with Lyon stopped on May 26, 1981, when he became angry because she had spent her high school graduation night with her boy friend. She wrote a letter to him and gave a copy to her mother revealing their relationship for the first time. On cross-examination Miss Moss admitted that she had had sexual relations with her current boy friend in the camper and that they had also used prophylactics.

Mrs. Lyon, Misti's mother, testified that she had never seen her daughter and Lyon engage in sexual intercourse, but that she had seen Misti sit on his lap while he scratched her back and rubbed her feet and upper legs. She often found them sitting on the couch with Lyon's arm around her daughter. On one occasion between midnight and 4:00 a.m., she found Lyon on her daughter's bed. He was fully clothed and her daughter was under the covers. She also found prophylactics in the camper in the location described by her daughter.

On the night of the appellant's arrest, Mrs. Lyon told him, "I know that you have been sleeping with her, and to me it is the lowest thing a man can do." He replied, "Well, may be." After his arrest Lyon wrote a letter addressed to his wife and Misti saying that he would plead not guilty and that it would mean a long court case and all would come out. He mentioned a letter to DePaul University admissions con-

cerning a new tax classification, commented on divorce proceedings and ended with an instruction to "drop all charges."

The appellant did not testify but offered several witnesses as to his good character. Gerald Pearce, a neighbor, testified that Mrs. Lyon had told him that she knew nothing of the alleged incestuous relationship except what her daughter had told her.

■ The trial court should have instructed the jury that Miss Moss was an accomplice as a matter of law as requested by the appellant. Our supreme court has said there was no reasonable doubt that one was an accomplice when she testified that she had had intercourse with her stepfather weekly for two years. *Scott v. State,* 207 Tenn. 151, 338 S.W.2d 581 (1960); accord *Ballew v. State,* 498 S.W.2d 918 (Tenn.Cr. App.1973); *Henley v. State,* 489 S.W.2d 53 (Tenn.Cr.App.1972).

■ The trial court's failure to instruct the jury in accordance with T.P.I.–Crim. sec. 37.09, however, was not reversible error because Miss Moss's testimony was sufficiently corroborated. Slight circumstances may be sufficient to furnish the necessary corroboration of an accomplice's testimony and need not be of itself sufficient to support a conviction. *Bolton v. State,* 591 S.W.2d 446 (Tenn.Cr.App.1979); *McKinney v. State,* 552 S.W.2d 787 (Tenn.Cr.App. 1977).

When Mrs. Lyon accused the appellant of sleeping with his stepdaughter which she said was "the lowest thing a man can do" and he replied "well, may be," the jury could fairly and constitutionally weigh his failure to deny the accusation. *Ledune v. State,* 589 S.W.2d 936 (Tenn.Cr.App.1979); *Evans v. State,* 557 S.W.2d 927 (Tenn.Cr. App.1977). The jury could properly consider this failure to deny the charge as a tacit admission.

Miss Moss testified that the appellant kept condoms in the camper. In corroboration, Mrs. Lyon found them at that location.

Miss Moss testified that the appellant often came to her room for intercourse at 2:00 to 3:30 a.m. On one occasion Mrs. Lyon found him there between midnight and 4:00 a.m. sitting or lying on the bed. Although he was clothed and his stepdaughter was under the covers the jury could consider this circumstance in corroboration of her testimony.

Miss Moss's testimony in this case was corroborated and the evidence was sufficient for a rational trier of fact to find Lyon guilty beyond a reasonable doubt. *State v. Patton,* 593 S.W.2d 913 (Tenn. 1979); *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The appellant sought to prevent his wife from testifying at all and by his second issue contends that her entire testimony violated the marital privilege. We disagree.

T.C.A. 40–2404 provides:

"In all criminal cases, the husband or the wife shall be a competent witness to testify for or against each other."

Nevertheless, in *McCormick v. State,* 135 Tenn. 218, 186 S.W. 95 (1916), our supreme court held that this statute did not abolish the common law marital privilege.

In *Adams v. State,* 563 S.W.2d 804 (Tenn. Cr.App.1978), the court held that the following conditions must exist before a communication between husband and wife may be considered privileged:

"(1) The communications must originate in a confidence that they will not be disclosed.

(2) This element of confidentiality must be essential to the full and satisfactory maintenance of the relation between the parties.

(3) The relation must be one which, in the opinion of the community, ought to be sedulously fostered.

(4) The injury that would inure to the relation by the disclosure of the communications must be greater than the bene-

fit thereby gained for the correct disposal of litigation."

■ The appellant complains particularly that the admission into evidence of the letter violates this rule. This letter was addressed both to his wife and stepdaughter and therefore was not privileged communications between husband and wife. *Lee v. State*, 542 S.W.2d 379 (Tenn.Cr.App.1976). Mrs. Lyon's testimony of her observations of the appellant's conduct with her daughter and her own discovery of condoms in the camper did not concern private marital communications. *Martin v. State*, 584 S.W.2d 830 (Tenn.Cr.App.1979); *Burton v. State*, 501 S.W.2d 814 (Tenn.Cr.App.1973).

■ In response to her accusation of incest, Mrs. Lyon was properly permitted to testify to the appellant's "well, may be" response and to testify to her observations because society does not foster the marital peace of one engaged in incest. See *Adams v. State*, supra. Injury to the marriage was slight because both parties apparently wanted a divorce before the incest was revealed. *State v. Garland*, 617 S.W.2d 176 (Tenn.Cr.App.1981). The benefit to be gained by society from the public exposure of the *mistreatment* of children far outweighed any injury that could be caused to the marital relationship by disclosure. *Adams v. State*, supra. Incest involving parents and early teenage children, like physical child abuse, is mistreatment of children. The need to protect children outweighs the policy of protecting the marriage relationship. *Adams v. State*, supra.

All issues are overruled and the judgment is affirmed.

DUNCAN and BYERS, JJ., concur.