BIRCH, Justice,
dissenting.
Because I find that the failure to instruct the jury on voluntary manslaughter is a violation of the basic constitutional right to trial by jury, I respectfully dissent. In my view, because there is evidence to support a conviction of voluntary manslaughter, the failure of the trial judge to charge that offense requires reversal and a new trial.
The majority reasons that the right to a jury instruction on a lesser offense derives primarily from statute, although it is “sometimes described as a constitutional right.” Thus, the majority has no qualms about applying harmless error analysis to a violation of that right. I find, however, that not only is the instruction required by Tenn.Code Ann. § 40-18-110(a), but it is also constitutionally required. The right to a trial by jury, guaranteed by Tenn. Const, art. I, § 6, includes the right to have every issue established by the proof tried and determined by the jury under a correct and complete charge of the law. Without a complete charge, the jury simply cannot determine every issue established by the proof. Thus, the right to *109 a complete charge is an inherent part of the right to a jury trial. State v. Staggs, 554 S.W.2d 620, 626 (Tenn.1977); Strader v. State, 210 Tenn. 669, 682-83, 362 S.W.2d 224, 230 (1962).
In Chapman v. Califcnmia, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), the Supreme Court upheld the application of a harmless error analysis to federal constitutional errors in state criminal trials. The Court acknowledged, however, that there are some constitutional rights so basic to a fair trial that their violation can never be treated as harmless error. Id. at 23, 87 S.Ct. at 827, 17 L.Ed.2d at 710 (citing, e.g., Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)(right to counsel); Turney v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927)(right to impartial judge)).
Article I, Section 6 of the Tennessee Constitution states that “the right of trial by jury shall remain inviolate.” Indeed, the right to a trial by jury is a basic, fundamental guarantee. It is uniquely within the sole province of the jury to determine how much and what parts of the evidence are to be believed and to determine whether the defendant is guilty of any one or none of the offenses. Strader, 210 Tenn. at 675, 362 S.W.2d at 227. And as this Court has previously determined, “errors affecting the constitutional right to trial by jury will result in such prejudice to the judicial process that automatic reversal is required.” State v. Bobo, 814 S.W.2d 353, 358 (Tenn.1991). “Such violations are defects in the structure of the trial mechanism and thus defy analysis by harmless error standards.” Id. (citing Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)); see also Ricketts v. Carter, 918 S.W.2d 419, 424 (Tenn.1996)(rejecting application of a harmless error analysis in a civil case where the right to trial by jury was compromised). I adhere to and reiterate our prior decisions holding that harmless error standards cannot be applied to salvage a conviction where the defendant has been deprived of the right to a trial by jury.
That failure to charge a lesser offense may violate the right to a jury trial is not new to Tennessee law. See Strader, 210 Tenn. at 682-83, 362 S.W.2d at 230. Neither is the requirement of reversal, in the event of such violation. “[Wjhere the evidence, upon any view the jury may take of it, permits an inference of guilt as to such lesser included offenses, it is the mandatory duty of the Trial Judge to charge all the law as to each of such offenses, and a failure to do so requires a reversal and a new trial. Our cases have expressed this rule in variant language.” Id. at 679, 362 S.W.2d at 228-29 (emphasis added)(citing Poole v. State, 61 Tenn. 288, 294 (1872); Potter v. State, 85 Tenn. 88, 98, 1 S.W. 614, 618 (1886); Frazier v. State, 117 Tenn. 430, 440-41, 100 S.W. 94, 96-97 (1907); Jones v. State, 128 Tenn. 493, 495-98, 161 S.W. 1016, 1016-17 (1913); and Templeton v. State, 146 Tenn. 272, 280, 240 S.W. 789, 791 (1922)). Tennessee courts have consistently reversed convictions when a trial court failed to instruct the jury on a lesser offense, so long as the record included proof supporting a verdict of guilt on that lesser offense. See, e.g., Staggs, 554 S.W.2d 620 (failure to charge attempt to commit robbery in robbery case was reversible error where proof would have supported a verdict for lesser-included offense); Wright v. State, 549 S.W.2d 682 (Tenn.1977)(failure to charge shoplifting in petit larceny case was reversible error where proof established the elements of lesser-in-eluded offense); Johnson v. State, 531 S.W.2d 558 (Tenn.1975)(failure to charge pet-it larceny and larceny in robbery case was reversible error where proof showed that the property was worth less than one hundred dollars and may have been taken from back seat of victim’s car, not from victim herself); Spencer v. State, 501 S.W.2d 799 (Tenn.1973)(failure to charge joyriding in grand larceny ease was reversible error because proof supported a finding that the defendant took the vehicle and used it on a “frivolous adventure”).[1]
In the instant case, the defendant testified that the victim shot at the defendant’s house while his family was inside and further that the defendant “panicked” when he unexpect *110 edly came in contact with the victim a short time later. At least some of the facts adduced at trial, such as the 911 call during which the defendant reported the incident, arguably corroborated his testimony. I agree with the Court of Criminal Appeals that the evidence sufficiently raised the issue of “passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner.” Tenn.Code Ann. § 39 — 13—2ll(a)(1991). The jury reasonably could have accepted his testimony and convicted him of voluntary manslaughter, had that offense been included in the jury’s instructions.
Admittedly, both the majority view and the view which this dissent expresses are adequately, at least, supported. After careful analysis, however, I cannot reach the same conclusion as the majority. It was the jury’s function to decide the offense, if any, upon which to convict the defendant. However plain it may be to the trial court or the reviewing courts that the evidence was sufficient to support a conviction for the greater offense of first-degree murder, failure to instruct on all offenses raised by the evidence deprives the defendant of his right to a jury trial. Poole, 61 Tenn. at 294. I would thus be constrained to reverse the conviction and remand the case to the trial court for a new trial. Accordingly, I respectfully dissent.
I am authorized to state that Special Justice Reid joins this dissenting opinion.

. The Court of Criminal Appeals has consistently applied this principle as well. See, e.g., State v. Belser, 945 S.W.2d 776, 791 (Tenn.Crim.App.1996)(failure to charge voluntary manslaughter in first-degree murder case was reversible error even though seconddegree murder and negligent homicide were charged because proof included evidence that defendant *110 acted in state of passion produced by adequate provocation); State v. Ruane, 912 S.W.2d 766, 783 (Tenn.Crim.App.1995)(failure to charge voluntary manslaughter and attempted voluntary manslaughter in first-degree murder case was reversible error where there was evidence of passion produced by adequate provocation); see also State v. Howard, 926 S.W.2d 579, 586-87 (Tenn.Crim.App.1996); State v. Woodcock, 922 S.W.2d 904, 914 (Tenn.Crim.App.1995); State v. Summerall, 926 S.W.2d 272, 278 (Tenn.Crim. App.1995); State v. Boyce, 920 S.W.2d 224, 227 (Tenn.Crim.App.1995); State v. Lewis, 919 S.W.2d 62, 68-69 (Tenn.Crim.App.1995); State v. Forbes, 918 S.W.2d 431, 449 (Tenn.Crim.App.1995); State v. King, 905 S.W.2d 207, 214 (Tenn.Crim.App.1995); State v. McKnight, 900 S.W.2d 36, 53 (Tenn.Crim.App.1994); State v. Vance, 888 S.W.2d 776, 781 (Tenn.Crim.App.1994); State v. Wright, 618 S.W.2d 310, 317 (Tenn.Crim.App.1981). But see, e.g., State v. Blanton, 926 S.W.2d 953 (Tenn.Crim.App.1996).