## THE STATE *v.* JOSEPH AYERS.

CRIMINAL LAW. *Venue, in the case of an accessory before the fact, who, in one county, employs assassins to commit a murder in another county.* The crime of an accessory before the fact, though inchoate in the act of counseling, hiring or commanding, is not consummate until the deed is actually done. It is the doing of the deed, and not the hiring or commanding merely, that makes the crime complete, and it is for the deed—the result of the counseling or procuring—and not for the counseling or procuring itself, that the accessory is indicted. Therefore the *locus in quo* of the offense of an accessory before the fact to the crime of murder, is in the county in which the murder is done. The crime is only complete when the murder is done, and the jurisdiction for the trial of the criminal is where the murder is done.

Cases cited: Armstrong *v.* The State, 1 Col., 338.

Code cited: Secs. 4591, 4975.

Act of 1847, ch. 73, sec. 1.

Constitution cited: Art. 1, sec. 9.

### FROM KNOX.

Appeal from the Criminal Court. M. L. HALL, Judge.

CALDWELL and WASHINGTON for the State.

WASHBURN & HOUCK, RAY, DOWELL and BAXTER & SON for defendant.

SNEED, J., delivered the opinion of the court.

The prisoner was arraigned for trial before the Criminal Court of Knox county upon an indictment as accessory before the fact to the crime of murder in the first degree.    The indictment charges that John Webb and David Duncan, on the 5th day of March, 1874, in the county (of Knox) aforesaid, did unlawfully, feloniously, wilfully, maliciously, deliberately, premeditatedly, and of their malice aforethought, kill and murder one Richard F. Reynolds in the peace of the State, then and there being by shooting him, the said Richard F. Reynolds, with a pistol, of which shooting as aforesaid the said Richard F. Reynolds did shortly thereafter, in the county aforesaid, die.    And the jurors aforesaid, upon their oath aforesaid, do further present that Joseph Ayers and Columbus Ayers, before the said felony and murder was committed as aforesaid, on to-wit, the day and year aforesaid, in the county of Anderson, State of Tennessee, did unlawfully, maliciously, and feloniously move, incite, counsel, hire, command, and procure the said John Webb and David Duncan, the said felony and murder in manner and form aforesaid to do and commit, against the peace and dignity of the State.

The indictment was demurred to upon the ground that it affirmatively appears upon the face of the in-

7—VOL. 8.

dictment that the Criminal Court of Knox county had
no jurisdiction of the prisoners' alleged offense. The
court sustained the demurrer and quashed the indict-
ment, from which judgment Attorney-General Williams,
on behalf of the State, has appealed in error. / The
sole question presented is, whether the prisoner, who
in one county of this State, counseled, hired, procured
or commanded a murder to be committed in another
county of this State, is indictable in the county where
the murder was actually consummated, or in the county
in which such counseling, hireing, commanding or pro-
curing was done, as accessory before the fact to such
murder. The indictment was framed under the pro-
visions of the Code, sec. 4975, in the words follow-
ing: "When an offense is committed partly in one
county and partly in another, or the acts or effects
thereof constituting or requisite to the consummation
of the offense occur in two or more counties, the ju-
risdiction is in either county." It is insisted on be-
half of the prisoner that the statute is repugnant to
that provision of the Constitution which guarantees to
the accused "a speedy public trial by an impartial
jury of the county in which the crime shall have
been committed." Constitution, Art. 1, sec. 9. And
this depends upon the inquiry, where was the crime
of accessory before the fact committed in this case?
The criminal jurisprudence of this State, though often
the subject of reproach for the facile impunity of great
offenders upon mere technical points, cannot certainly
be impugned for any disregard of the rights of ac-
cused persons under the fundamental law. There is

no instance in our books where the organic law has been strained or distorted to bring bad men to a just judgment or give impunity to their crimes.    If the offense of which the prisoner is charged was complete and consummate in the county of Anderson, then the county of Anderson alone has jurisdiction thereof.

In the case of *Armstrong* v. *The State*, 1 Col., 338, this court held that the statute allowing offenses committed on the boundary of two or more counties, or within a quarter of a mile thereof, to be indicted in either county, was unconstitutional and void as an infringement of the provision now under consideration. But that was a case of violent assault and battery, where the offense was consummate, either in Franklin or Coffee county, but within the prescribed distance of the latter where the prosecution was instituted. The crime of accessory before the fact is a peculiar one.    The absence of the accessory at the time and place of the principal offense is an essential element of the crime.    Thus Sir Matthew Hale defines the accessory before the fact to be "one who, being absent at the time of the crime committed, doth yet procure, counsel, or command another to commit a crime.    Herein absence is necessary to make him an accessory."    The crime of the accessory before the fact is not in merely counseling, hiring, or commanding the crime to be committed, for if the crime be not at last committed, there is no such offense; but the connivance and the result aimed at must concur, and the latter must be the effect of the former in order to complete the crime.    Thus, says Sir William

Blackstone, in discussing the doctrine of accessories after the fact, "if one wounds another mortally, and after the wound given, but before death ensues, a person assists or receives the delinquent, this does not make him accessory to the homicide; for until death ensues there is no felony." 2 Cool., B. C., 320. And the reason applies with like force to the offense of an accessory before the fact. The offense is compounded of the connivance of the accessory and the actual killing by the principal·felon, and the crime of the accessory, though inchoate in the act of counseling, hiring, or commanding, is not consummate until the deed is actually done. The law, in such case, holds the accessory before the fact to be guilty of the murder itself, not as principal, it is true, but as accessory before the fact, for it is the doing of the deed, and not the counseling, hiring, or commanding that makes his crime complete; and it is for the murder that he is indicted, and not for the counseling and procuring. We hold, therefore, that the *locus in quo* of the offense of an accessory before the fact to the crime of murder, is the county in which the murder is done, and that the jurisdiction is there. The act of 1847, ch. 73, sec. 1, brought into the Code sec. 4591, prescribes that an accessory before the fact may be prosecuted and convicted for a substantive felony, whether the principal felon has or has not been previously convicted, the offense being cognizable in any court having jurisdiction of the crime of the principal felon. This law has been in force in this State for many years, and must be taken as a legis-

lative solution of the problem under consideration. Under it the prisoner would have absolute impunity for the alleged crime unless arraigned and tried in the words of the statute "in the court having jurisdiction of the crime of the principal felon." The crime of the accessory before the fact being only complete *when* the murder is done, the jurisdiction for his trial is *where* the murder is done. This is "the county in which the crime was committed," in the sense of the Constitution.

Reverse the judgment and remand the case for trial.