Robert George Gervin

v.

State of Tennessee.

371 S. W. 2d 449.

(*Knoxville,* September Term 1963.)

Opinion filed October 11, 1963.

HAL H. CLEMENTS, JR., Knoxville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, Nashville, for the State.

MR. JUSTICE DYER delivered the opinion of the Court.

This appeal in error is from a verdict and judgment convicting Gervin, the appellant here and defendant below, of an attempt to commit murder in violation of

Section 39-603, T.C.A. This section is our general attempt statute which provides for attempts to commit felonies, either by assault or otherwise.

The question to be decided is whether or not an indictment which alleges criminal solicitation is sufficient in law to aver an attempt to commit a felony under Section 39-603, T.C.A. This question necessarily involves the primary consideration of common law, criminal solicitation as an attempt.

■■ We hold that such an indictment is not legally sufficient, and that mere criminal solicitation does not constitute an attempt to commit murder under Section 39-603, T.C.A.

Robert George Gervin was arraigned and convicted under an indictment, the pertinent parts of which read:

"The Grand Jurors * * * present that Robert George Gervin * * * unlawfully and feloniously did commit and otherwise attempt to commit a felony * * * that is to say, the defendant with intent to feloniously and with malice aforethought commit murder in the first degree, did hire, persuade, try to persuade, and otherwise procure another to attempt to kill and murder another * * * contrary to the statute and against the peace and dignity of the State."

The defendant moved to quash the indictment, challenging the sufficiency of the averments. The motion to quash was overruled by the trial court, and this is assigned as error on appeal. Numerous other assignments of error are made which we do not reach as the one question is determinative.

■ The terms "attempt" and "solicitation" as used in criminal law are often confused and frequently these terms are merged. Nevertheless attempts and solicitation are distinct by definition. 25 L.R.A. 434 (1894).

"An attempt is an act done with the intent of committing a crime, but which fails of completion. To constitute an attempt, the defendant must, (1) with the inent to commit a specific crime, (2) do an overt act directed to its commission, which goes beyond mere preparation, and is apparently suitable for that purpose, but (3) which fails to result in the commission of the intended crime. 1 Wharton, Criminal Law and Procedure, Sec. 71 at 151-2 (1957)."

See *McEwing v. State,* 134 Tenn. 649, 185 S.W. 688 (1915) and *Dupuy v. State,* 204 Tenn. 624, 325 S.W.2d 238 (1959) which adopt substantially this definition.

Common law, criminal solicitation is defined to include any words or devices by which a person is "requested, urged, advised, counseled, tempted, commanded or otherwise enticed to commit a crime." Perkins, Criminal Law 505 (1957).

· It is evident from the above definitions that the indictment in question is couched in terms of criminal solicitation while averring an attempt to commit a felony. This, we hold, is not permissable in Tennessee.

The weight of American authority holds, as a general proposition, that mere criminal solicitation of another to commit a crime does not constitute an attempt. 1 Wharton, Criminal Law and Procedure, Sec. 81 at 168 (1957); 1 Burdick, Law of Crime, Sec. 106 at 117 (1946); Perkins, Criminal Law, 505, 508 (1957); Clark and Marshall,

Crimes, Sec. 4.05 at 200 (6th ed. 1958); Model Penal Code, Sec. 5.02 comment at 86 (Tent. Draft No. 10, 1960); 14 Am.Jur., Criminal Law, Sec. 66 at 814 (1938) and 22 C.J.S. Criminal Law sec. 73 at p. 225 (1961). The one significant exception to this position is 1 Bishop, Criminal Law, Secs. 767, 768 at 543-546 (9th ed. 1923).

The weight of authority is, of course, not determinative, but the reasons for that position are compelling.

■ The definitions of attempts and solicitation are not only different, but these offenses are analytically distinct. Sayre, Criminal Attempts, 41 Harv.L.Rev. 821 (1928). The gist of criminal solicitation is incitement. Clark and Marshall, op. cit. supra Sec. 4.02 at 195. The body of the crime is the act of solicitation, and any additional conduct is incidental and collateral. Curran, Solicitations: A Substantive Crime, 17 Minn.L.Rev. 499, 503 (1932-33).

■ ■ An attempt, on the other hand, requires three elements; (1) an intent to commit a specific crime; (2) an overt act; and (3) failure to consummate the crime. 1 Wharton, op. cit. supra Sec. 71 at 151-152. In attempts, the intent must be to commit the contemplated crime. The intent required in solicitation is the intent to have the crime committed with the purpose of communicating that intent to another. Blackburn, Solicitation to Crimes, 40 W.Va.L.Q. 135 (1933-34). But in relation to attempts, solicitation only supplies a wrongful intent. Solicitation to Commit Murder as an Attempt to Commit, 40 U.Mo. Bull.L. Ser. 45 (1928). Consequently, if the solicitor does not plan to take an active part in effecting the crime, and the solicitation is held an attempt, the requirement

of a specific intent may be violated. See Perkins, op. cit. supra at 509.

To constitute an attempt there must also be an act of perpetration, that is, an overt act. *Dupuy v. State,* 204 Tenn. 624, 325 S.W.2d 238 (1959) ; *McEwing v. State,* 134 Tenn. 649, 185 S.W. 688 (1915). However solicitation is preparation rather than perpetration. Clark and Marshall, op. cit. supra Sec. 4.05 at 200. This being true, to call solicitation an attempt is to delete the element of an overt act. The element of an overt act is, however, necessary and serves a useful purpose as pointed out in *State v. Mandel,* 78 Ariz. 226, 278 P.2d 413 (1954).

> The fundamental reason for an overt act is that until such act occurs, there is too much uncertainty that a design is to be apparently carried out. Until that time the situation is equivocal. 278 P.2d at 415-416.

We are reluctant to hold, and indeed our cases indicate we cannot, that at the stage of preparation the attempt will be carried out and that the situation is unequivocal. At this point there are too many contingencies, such as the willingness of the solicitant to carry out the design, to say the dye is cast. But to hold solicitation an attempt this would be necessary.

Not only would the merging of attempts and solicitations do violence to the respective concepts, but there are other reasons which are grounded in policy. There is not the same degree of heinousness in solicitation as in attempts, nor is solicitation as likely to result in a completed crime, there not being the same dangerous proximity to success as found in attempts. Curran, supra at 504.

In most areas of the law degrees of culpability and fault are recognized and different penalties are pre-

scribed. We can see no good reason why there should be an exception made here. On the contrary, there is every reason not to punish offenses equally which are dissimilar in nature and degree. It has taken civilization centuries to realize that men should not be hanged for stealing bread as are murderers. But to return to punishing offenses of unequal anti-social behavior similarly we begin to regress to that point. This is not to say that soliciting murder and stealing bread are analogous. Rather it is to point the fundamental principle of justice that punishment should be commensurate with the gravity of the crime.

The Tennessee cases in point have not been entirely consistent, and apparently only four have considered the question or dealt with it by implication.

In *Collins v. State,* 50 Tenn. 14 (1870), the defendant was indicted for an attempt to commit murder,

"by purchasing and procuring the said white arsenic and by placing the same in the hands of one Benjamin Collins, * * * and at the same time and place, advising, directing and commanding said, Benjamin Collins, * * * to give and administer the said white arsenic." 50 Tenn. at 15.

The court held the indictment was sufficient to charge an attempt.

"In this case, according to the indictment, the intent to give is perfect, the plan of giving determined, and its execution set in motion, the poison left the hands of the prisoner, in furtherance of his purpose, but fails, not because of his abandonment of the design, but because of the insufficiency of his medium." 50 Tenn. at 18.

There is authority to the effect that the Collins case merges solicitation and attempts. Curran, supra at 510. We do not agree, although the indictment does allege some acts of solicitation. The general tenor of this case, and especially the language quoted above, persuades us that the court reached its decision on the basis that the elements of an attempt were set out. There is no reference, in this case, to the solicitory conduct, alone, being sufficient. Nor do we think this is implied. The court never seeks to isolate the solicitation and call it an attempt, but also relies on allegations which surpass mere solicitation.

*State v. Johnson,* 2 Shannon's Cases 539, 541 (1877) states that criminal solicitation to commit adultery is an attempt. This statement is, however, dictum as the court specifically found more than mere solicitation in holding the offense charged was an indictable attempt.

Contrary to *State v. Johnson,* supra, *McEwing v. State,* 134 Tenn. 649, 652, 185 S.W. 688, 689 (1915) recites that criminal solicitation is not an attempt. But like *State v. Johnson,* supra, the McEwing case makes its statement in dictum. Its statement was not necessary to its decision, because the indictment questioned set out that the defendant actually did assault the victim by putting his hands on her. The court held this alleged an overt act, and the indictment was sufficient.

The latest decision in point is *Valley v. State,* 203 Tenn. 80, 309 S.W.2d 374 (1958). The defendant was indicted under T.C.A. sec. 39-603 for an assault with the intent to commit a felony, that is, have unnatural relations with a 14 year old boy. The testimony of the victim tended to prove that the defendant actually had made .proposi-

tions to the boy and on one occasion had tried unsuccessfully to touch the boy.

This court said that although a technical assault was not made out the defendant was still guilty as the statute under which he was prosecuted also covered attempts. The court held this was at least an attempt.

Chief Justice Neil dissented upon the basis that since no overt act was shown the evidence was insufficient to sustain a conviction for an attempt.

We do not think this case stands for the proposition that solicitation is an attempt. At most the case indicates that solicitation in addition to some other conduct which transcends preparation may constitute an attempt. Interpreting this case as we do, we are cognizant of the contrary interpretation in Miller, Criminal Law and Procedure—1958 Tennessee Survey, 11 Vand. L.Rev. 1226, 1228-1229 (1958).

A reading of the decision in the Valley case indicates that the court was impressed that the defendant had tried to touch the victim. This is strengthened by the fact that the court quoted only that part of the testimony which dealt with the attempted touching. Further, we think it significant that the dissent was based on no overt act being shown. Therefore any difference of opinion within the court appears to have been grounded on whether there was or was not an overt act, and not over the question of whether or not solicitation is an attempt.

The consequence of the foregoing survey of Tennessee cases is that none of these cases is contrary to the result we reached in the present case. Neither do we think these cases indicate we should reach a different result.

In reaching our conclusion in this case, we are mindful of the formidable opposition to making any distinction between attempts and criminal solicitation. One authority takes the position that the policy of attempt statutes should be expanded to cover solicitation, because solicitation involves the same consideration attempts do, and any distinction is artificial. Arnold, Criminal Attempts— The Rise and Fall of an Abstraction, 40 Yale L.J. 53, 76-77 (1931-32). Similarly is is said that solicitation is a form of attempt, and when one solicits another to carry out a crime he is attempting to execute that crime to the same extent as if he had chosen the weapon to be used. Blackburn, Solicitation to Crimes, 40 W.Va.L.Q. 135, 140 (1933-34).

The policy of our attempt statute, T.C.A. sec. 39-603, as regards solicitation, is not evident from the language of the statute nor from the cases decided thereunder. Furthermore, we are not directed to any legislative history to guide us. Our Legislature has, however, dealt with solicitation in regard to several specific crimes.

In T.C.A. secs. 39-503, 39-4410 and 39-3305, the Legislature has merged solicitation and attempts. A reasonable inference to be drawn is that if the Legislature had also intended solicitation and attempts to be merged in T.C.A. sec. 39-603 it would have so specified in the statute as it did in the above statutes. Be this as it may, the most that we can say here is that the Legislature has been silent on this point. Until such time as the Legislature directs us otherwise, we think the majority's position, its reasons and distinctions militate against the extention of our general attempt statute to include solicitation.

Our answer to the contention that solicitation is a form of attempt is developed from the analytical distinc-

tions and the reasons for those distinctions. Solicitation may supply an element in the attempt concept, but in and of itself, solicitation does not satisfy all three elements. To merge attempts and solicitation bastardizes the concepts of each and breeds further confusion in an area already wrought with confusion.

The appellee contends that to construe T.C.A. sec. 39-603 to exclude solicitation will render that statute ineffectual. We do not think this is necessarily so. The construction we adopt does not prevent prosecutions for attempts which actually are attempts. If the elements of an attempt can be made out the offense may be punished under this statute. The force of this statute is only diluted in respect to solicitation which is not an attempt.

The appellee's contention implies that if solicitation cannot be punished as an attempt the solicitor may go free though guilty of reprehensible conduct. If this was the case we would be inclined to agree with the appellee. However, we think the crime of solicitation may be punished as an independent crime although we find no evidence of it ever having been done in this state. We therefore must turn to our statutes or to the common law.

T.C.A. secs. 39-107 and 39-108, when read together, provide that any person who feloniously solicits another to commit a felony shall be an accessory before the fact, and shall be punished as a principal. But the interpretation given T.C.A. sec. 39-107 requires the solicited offense to actually be committed before the statute applies. *State v. Ayers,* 67 Tenn. 96 (1874). So interpreted, the statute has no application to the distinct common law offense of solicitation charged in this case. The nub of the common law crime is the incitement, and consumma-

tion of the solicited crime is not pertinent. We do not find any other statutes which appear to be applicable to this situation.

 At common law, solicitation to commit a crime, which by statute or common law is a felony, is a substantive crime. 1 Burdick, Law of Crimes, sec. 104 at 116 (1946); Clark and Marshall, Crimes, sec. 4.02 at 194 (6th ed. 1958); 14 Am.Jur. Criminal Law, sec. 117 at 846 (1938); 35 A.L.R. 961; 25 L.R.A. 434 (1894); Model Penal Code, sec. 5.02 comment at 83 (Tent. Draft No. 10, 1960). Furthermore so much of the common law as has not been abrogated or repealed by statute is in full force and effect in Tennessee. *Cogburn v. State,* 198 Tenn. 431, 281 S.W.2d 38 (1955); *Olsen v. Sharpe,* 191 Tenn. 503, 235 S.W.2d 11 (1950). Finding no local statute which abrogates the offense of common law solicitation, we must conclude it is an indictable offense in Tennessee. And being an indictable offense, solicitation to commit a felony is treated as a misdemeanor. The *King v. Higgins,* 2 East. 5, 102 Eng.Rep. 269 (K.B.1801); *State v. Avery,* 7 Conn. 266 (1828); *Begley v. Commonwealth,* 22 KLR 1546, 60 W.W. 847 (1901); *State v. Cohen,* 32 N.J. 1, 158 A.2d 497 (1960); Clark and Marshall, op. cit. supra, sec. 4.03 at 196; Perkins, op. cit. supra at 506; 22 C.J.S. Criminal Law sec. 78, at p. 236 (1961).

Applying the above discussion to the present case, we think the offense charged may be the basis of an indictment for the misdemeanor of common law solicitation. Should a conviction ensue, the punishment would be provided under the authority of T.C.A. sec. 39-105, our general penal statute which sets out the punishment for those persons convicted of misdemeanors in cases not otherwise covered by statute.

To reiterate, we hold that under the common law, criminal solicitation does not constitute an attempt, and that the indictment in question is not legally sufficient to allege an attempt.

The trial court, therefore, erred in failing to sustain the defendant's motion to quash the indictment.

The cause is reversed and remanded.