**Carl Meredith LONG, Plaintiff-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Jan. 25, 1972.

Certiorari Denied by Supreme Court March 6, 1972.

■■■■■■■■■■■■■

K. D. McCasland, Jr., Knoxville, for plaintiff in error.

David M. Pack, Atty. Gen., J. B. Hagler, Jr., Asst. Atty. Gen., Nashville, Richard Stair, Jr., Ralph E. Harwell, Asst. Dist. Attys. Gen., Knoxville, for defendant in error.

## OPINION

RUSSELL, Judge.

The question presented by this appeal is whether or not the evidence sufficiently makes out the case of an attempt to commit third degree burglary. It is specifically insisted that (1) the intention to commit the crime and (2) an overt act in furtherance of such criminal intent are not shown in the State's proof. (The two defendants presented no proof, and one of them did not appeal his conviction.)

At about 1:00 a. m. a neighbor first noticed activity at a contiguous insurance office building. First, an old car, occupied by what appeared to be five men, appeared about three times in the driveway. Subsequently, five men appeared on foot upon the premises. Three of them went up to the building. One went to a door; and two others went to a window, where one appeared to be boosting another up to the window. The neighbor telephoned the police. Several officers arrived a few minutes later and flushed the men, some of whom were near the building. They ran into a nearby wooded area. As the officers gave chase, gunshots were exchanged.

Plaintiff-in-error was apprehended in the wooded area, five or six minutes after the officers arrived. He was armed with an automatic pistol, and was wearing gloves. The arrest occurred at about 2:30 a. m.

The building, which contained a safe which could be viewed by a mirror arrangement and directly from the window at which two of the men were seen, was not broken into. Examination revealed marks upon the back door, and wood chips upon the steps. Some lattice work was removed, providing access beneath the building. No witness could say when the marks were made upon the back door or the lattice work removed; but the bushes in the latter area were trampled.

■■■■  We hold that this evidence circumstantially reflects an intent to burglarize the premises, and overt acts in furtherance thereof; as well as the failure to consummate the crime of burglary. These are the requisites of the crime for which plaintiff-in-error stands convicted, i. e. an attempt to commit burglary. 1 Wharton's Criminal Law and Procedure 151, § 71 says:

"An attempt is an act done with the intent of committing a crime, but which fails of completion. To constitute an attempt, the defendant must, (1) with the intent to commit a specific crime, (2) do an overt act directed to its commission, which goes beyond mere preparation and is apparently suitable for that purpose, but (3) which fails to result in the commission of the intended crime."

See Gervin v. State, 212 Tenn. 653, 371 S. W.2d 449.

The pertinent rule is stated in 12 C.J.S. Burglary § 28 p. 687:

"To constitute an attempt there must be not only the requisite intent, but also an overt act. The act must be one indicating a burglarious intent and must be something more than mere preparation. If the facts are sufficient to establish the requisite intent, then a slight act may be enough to sustain a conviction of an attempt. Any act toward the accomplishment of the purpose, which goes beyond mere preparation is sufficient, and

the method employed need not be the most sensible or usual if it is calculated to carry out the unlawful purpose."

We are further fortified in our opinion by this statement from 13 Am.Jur.2d 337, Burglary § 29:

"While neither the mere procuring of burglar's tools nor the mere starting on the road toward the building is of itself sufficient to constitute an attempt, it is apparent that going to the building with the purpose of breaking into it, with the felonious intent and carrying along the necessary implements, is a sufficient overt act."

We affirm the conviction and punishment of eleven months and twenty-nine days in the workhouse and fine of one hundred fifty dollars ($150.00).

MITCHELL and DWYER, JJ., concur.