# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### AUGUST SESSION, 1998

FILED

January 6, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JAMES R. TWITTY, | ) | C.C.A. NO. 03C01-9707-CR-00310 |
| | ) | |
| Appellant, | ) | |
| | ) | JOHNSON COUNTY |
| V. | ) | |
| | ) | |
| HOWARD CARLTON, Warden, | ) | HON. LYNN W. BROWN, JUDGE |
| and STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (HABEAS CORPUS) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**JAMES R. TWITTY,** *pro se*          **JOHN KNOX WALKUP**
Northeast Correctional Center          Attorney General & Reporter
P.O. Box 5000
Mountain City, TN  37683-5000          **ELIZABETH B. MARNEY**
                                       Assistant Attorney General
                                       2nd Floor, Cordell Hull Building
                                       425 Fifth Avenue North
                                       Nashville, TN  37243

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, James R. Twitty, appeals as of right the trial court's dismissal of his petition for writ of habeas corpus. In this pro se appeal, Petitioner presents the following seven (7) issues for review: (1) whether the indictment was defective; (2) whether his plea was coerced; (3) whether he received ineffective assistance of trial counsel; (4) whether he is serving an excessive sentence; (5) whether he is serving a sentence for a non-existent crime; (6) whether the trial court erred in dismissing his petition without appointment of counsel or an evidentiary hearing; and; (7) whether he is being held unconstitutionally because of the defective indictment and the excessive sentence. In this opinion, we will summarize Defendant's seven (7) issues as basically four (4) challenges: a defective indictment, a coerced plea, ineffective assistance of trial counsel, and an excessive sentence for a non-existent crime. After a careful review of the issues, we affirm the judgment of the trial court.

It is a well-established principle of law that the remedy of habeas corpus is limited in its nature and its scope. Archer v. State, 851 S.W.2d 157, 161-62 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). In Tennessee, habeas corpus relief is available only if "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer, 851 S.W.2d at 164 (citation omitted in original). The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella, 891 S.W.2d at 627. Moreover, where a judgment is not

void, but is merely voidable, such judgment may not be collaterally attacked in a suit for habeas corpus relief. Id.

Normally, defenses based on defects in the indictment are usually foreclosed if they are not raised prior to trial. Tenn. R. Crim. P. 12(b)(2) and (f). However, Rule 12(b)(2) also provides that a court shall notice at any time during the pendency of the proceedings the defense that the indictment fails to show jurisdiction in the court or that it fails to charge an offense. Dykes v. Compton, __S.W.2d __, No. 02-S-01-9711-CC-00105, Lake County (Tenn., Nashville, Sept. 21, 1998). A valid indictment is an essential jurisdictional element, without which there can be no prosecution. See State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997); State v. Stokes, 954 S.W.2d 729, 730 (Tenn. 1997). "Because a habeas corpus proceeding will allow us to examine the record -- including the indictment -- it is an appropriate vehicle to determine whether a judgment is void." Dykes, No. 02-S-01-9711-CC-00105, slip op. at 2-3.

I.

In his first issue, Petitioner argues that the indictment is invalid because it does not allege any injury to the victim, nor does it allege any type of weapon used for the attempted murder. Petitioner's reliance on State v. Kimbrough, 924 S.W.2d 888 (Tenn. 1996), to attack his indictment for attempted first degree murder is misplaced. The Kimbrough case dealt with a conviction for attempt to commit felony murder, not an attempt to commit premeditated first degree murder. Nonetheless, we find that the indictment properly charges him with the commission of a substantive offense, attempt to commit murder in the first degree. See State v.

-3-

Stampley, C.C.A. No. 02-C-01-9409-CR-00208, slip op. at 7, Shelby County (Tenn. Crim. App., Jackson, Aug. 16, 1996), perm. to appeal denied (Tenn. 1997). The Stampley case involved an indictment almost identical to the indictment in the present case. The indictment in the case before us reads in pertinent part as follows:

> [O]n the 20th day of January, 1991, in Washington County, Tennessee, [Petitioner] did unlawfully, deliberately and with premeditation attempt to kill [victim], in violation of Section 39-12-101, Tennessee Code Annotated, and against the peace and dignity of the State of Tennessee.

Although the Court in Stampley was focusing on the petitioner's argument that the indictment failed to allege an overt act, this Court nonetheless held that the "language clearly alleges that the appellant committed the offense of attempt to commit murder in the first degree," and that the issue was without merit. Id. We also note that case law reveals that including a type of weapon used in the offense or that the victim sustained bodily injury in the indictment is not required when charging attempted first degree murder. See, e.g., State v. Nix, 922 S.W.2d 894 (Tenn. Crim. App. 1995), perm. to appeal denied (Tenn. 1996); State v. Jimmie Lee Demoss, C.C.A. No. 02C01-9406-CC-00127, Madison County (Tenn. Crim. App., Jackson, Apr. 26, 1995); State v. Edwin Jesperson, C.C.A. No. 03C01-9206-CR-00212, Monroe County (Tenn. Crim. App., Knoxville, Aug. 11, 1993), perm. to appeal denied (Tenn. 1993). This issue is without merit.

II. and III.

-4-

Petitioner's next two issues, the coerced plea and ineffective assistance of counsel, are not cognizable in a habeas corpus proceeding. These kinds of collateral attacks based on constitutional challenges to an otherwise valid conviction are proper for post-conviction relief proceedings, but not in a petition for habeas corpus relief. See, e.g., Archer v. State, 851 S.W.2d 157, 164-65 (Tenn. 1993). These issues are without merit.

IV.

As to his last issue, Petitioner fails to carry his burden of establishing by a preponderance of the evidence that his term of imprisonment has expired. Passarella, 891 S.W.2d at 626-27. Petitioner simply says that his sentence is excessive and that he has served his sentence. However, Petitioner offers no evidence to support his arguments. Furthermore, he does not allege that the convicting court was without jurisdiction, thereby making his conviction and sentence void. Therefore, this issue is without merit.

This Court has held that if it is clear from the face of the petition that the petitioner is not entitled to relief, then the trial court is not required to hold a hearing or inquire into the allegations in the petition, but may dismiss the petition summarily. Id. We agree with the trial court's dismissal of Petitioner's petition.

Accordingly, the judgment of the trial court is affirmed.

_____

                              THOMAS T. WOODALL, Judge

                                        -6-

CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
JOE G. RILEY, Judge

FILED

January 6, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

JAMES R. TWITTY,           )
                           )
        Appellant,         )        No. 03C01-9707-CR-00310
                           )
                           )        Johnson County
v.                         )
                           )         Honorable Lynn W. Brown, Judge
                           )
HOWARD CARLTON, Warden     )        (Habeas Corpus)
and STATE OF TENNESSEE,    )
                           )
        Appellees.         )


**DISSENTING OPINION**


I agree with most of the results and reasoning in the majority opinion. I respectfully disagree with its conclusion that the indictment in this case is sufficient to allege the offense of attempt to commit first degree murder.


The majority opinion relies upon State v. Cedric E. Stampley, No. 02-C-01-9409-CR-00208, Shelby County (Tenn. Crim. App. Aug. 16, 1996), app. denied (Tenn. Jan. 27, 1997), which held that an indictment similar to the one in this case was sufficient to allege the offense of attempt to commit first degree murder. In Stampley, the defendant argued that the indictment failed to allege an overt act. In full, this court's reasoning was as follows: "The fallacy with this argument is that the indictment does not charge the appellant with conspiring to commit an offense. The indictment charges him with the commission of a substantive offense, attempt to

commit murder in the first degree." Slip op. at 9. The court then merely stated that the allegations alleged the offense of attempted first degree murder.

On the other hand, in State v. Michael K. Christian, Jr., No. 03C01-9609-CR-00336, Sullivan County (Tenn. Crim. App. Mar. 23, 1998), applic. filed (May 22, 1998), this court made a detailed analysis of the elements of a criminal attempt. Christian claimed that the presentment against him charging attempted first degree murder failed to allege the elements of an attempt. The pertinent allegations were that the defendant "did attempt to kill [the victim] by stabbing [her] with a deadly weapon . . . which conduct constituted a substantial step toward the commission of the said offense." This court stated the following:

> "An indictment or information charging an attempt to commit a crime should specifically allege intent and the overt act done toward commission of the offense . . . ." Indictments and Informations, 41 Am. Jur. 2d, § 132, p. 748 (2d Ed. 1995) (footnotes omitted). In Gervin v. State, 371 S.W.2d 449, 451 (Tenn. 1963), our supreme court ruled that an indictment charging solicitation would not sustain a conviction for attempt. The court described criminal attempt as follows: "An attempt . . . requires . . . (1) an intent to commit a specific crime; [and] (2) an overt act . . . . In attempts, the intent must be to commit the contemplated crime.
> . . . To constitute an attempt there must also be an act of perpetration, that is an overt act." Id. (Citations omitted).

> This general concept of criminal attempt carried over into the 1989 codification of criminal attempt:

> > Criminal attempt is an offense directed at the individual whose intent is to commit an offense, but whose actions, while strongly corroborative of criminal intent, fail to achieve the criminal objective intended. Accordingly, the offense is basically one of criminal intent coupled with acts that clearly demonstrate the offender's proclivity toward criminality.

> Sentencing Commission Comments to Tenn. Code Ann. § 39-12-101.

Slip op. at 13-14 (footnote omitted). This court concluded that the allegation regarding the defendant stabbing the victim with a deadly weapon sufficiently

-8-

showed the conduct that was a substantial step toward commission of a first degree murder.

The indictment is required to state the facts that constitute the offense. T.C.A. § 40-13-202. Each of the three means of criminal attempt provided in T.C.A. § 39-12-101 requires an act or actions to go with the intent to commit an offense, in this case first degree murder. The failure of the charging instrument to allege any conduct or action by the petitioner relative to him intending to commit first degree murder renders the indictment fatally deficient.

_____
Joseph M. Tipton, Judge